UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 17-cr-20333

v.                                           Honorable Thomas L. Ludington

JOSE TELLO,

        Defendant.
_____/

**ORDER DENYING MOTION TO SUPPRESS**

On May 17, 2017, an indictment was returned charging Defendant Jose Tello with distributing and possessing child pornography. ECF No. 1. On September 13, 2017, a first superseding indictment was returned which charged Tello with an additional count of distribution of child pornography and an additional count of possession of child pornography. ECF No. 19. On August 23, 2017, Tello filed a motion to suppress all evidence recovered from a cell phone seized subsequent to his arrest, arguing that law enforcement did not have probable cause to arrest him. ECF No. 14. A hearing was held on October 3, 2017. For the reasons that follow, the motion to suppress will be denied.

**I.**

Most facts are undisputed. On October 1, 2015, an unnamed woman provided a pink USB drive to the Saginaw County Sheriff's Department. According to the woman, she found the USB drive in a Meijer parking lot on September 27, 2015. When she examined the contents of the USB drive, she discovered suspected child pornography and what she believed to be an image of former owner of the USB drive. Law enforcement then conducted a preliminary examination of the USB

drive. The drive was named "JoseUSB" and contained images that appeared to be child pornography. Forensic Analysis Rep., ECF No. 18, Ex. B. At this point, the drive was given to the Michigan State Police. The MSP obtained a search warrant to conduct a full analysis of the drive and confirmed that the drive contained child pornography. The drive also included photos of Jose Tello, as well as personal information (including his water bill). Search Warrant Aff. at 2, ECF No. 18, Ex. A. Upon investigation, officers confirmed that Tello worked at the Meijer where the drive was discovered and discovered his home address.

Investigators sought and were granted a second search warrant, this time for Tello's residence, which they executed on March 22, 2016. During the search officers seized a computer and other items. At the time the search was executed, Tello was at his grandmother's residence. Upon learning Tello's whereabouts, officers traveled to his grandmother's home, handcuffed Tello, placed him in the patrol car, and returned to Tello's residence. Prior to transporting Tello back to his home, the officers seized Tello's cellphone.[1] Later, officers received a third search warrant for the phone. Upon executing the warrant, officers confirmed that the phone contained child pornography.

## II.

In general, warrantless searches and seizures presumptively violate the Fourth Amendment. The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

---

[1] The parties dispute the precise moment when the cell phone was seized. In his brief, Tello indicates that "officers seized Defendant Tello's cellphone from his person, while he was still in handcuffs, seated in the backseat of the patrol car, and clearly not free to leave." Mot. Suppress at 2, ECF No. 14. The Government contends that the phone was seized before Tello entered the patrol car. Gov't Resp. Br. at 3, ECF No. 18.

U.S. Const. amend IV.

However, "a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).

Probable cause means that the officer must have "'reasonably trustworthy information'" at the time of the arrest that would warrant a "'prudent man in believing'" that the suspect had committed an offense. *Peet v. City of Detroit*, 502 F.3d 557, 563–64 (6th Cir. 2007) (quoting *Beck*, 379 U.S. at 91). "[P]robable cause is a flexible, common-sense standard." *Texas v. Brown*, 460 U.S. 730, 742 (1983). The standard does not require "any showing that [the belief that illegal activity occurred] be correct or more likely true than false." *Id.* Probable cause merely requires "reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990). Further, probable cause exists "if a 'succession of superficially innocent events ha[s] proceeded to the point where a prudent man could say to himself that an innocent course of conduct was substantially less likely than a criminal one.'" *United States v. Alfano*, 838 F.2d 158, 16–632 (6th Cir. 1988) (quoting *United States v. Martin*, 509 F.2d 1211, 1213 (9th Cir. 1975)).

In his briefing, Tello argues primarily that, when he was handcuffed and placed in the patrol car, he was arrested. The Government contends that, even if those circumstances constituted an arrest (which they do not concede), probable cause to arrest Tello existed. At the hearing, Tello confirmed that he does not challenge the accuracy of the search warrant affidavit or forensic analysis report.

Rather, Tello appeared to argue that, because the drive had been found in a public parking lot, there was no probable cause to believe that the Tello placed the child pornography on the drive.

Tello conceded that it was reasonable to believe that Tello owned the drive at some point (thus furnishing him standing to bring the motion), but contended that it was possible that another individual downloaded the apparent child pornography. But probable cause does not require "any showing that [the belief that illegal activity occurred] be correct or more likely true than false." *Brown*, 460 U.S. at 74. Rather, there must simply be reasonable grounds to believe that the suspect has committed illegal activity. *Bennett*, 905 F.2d at 934. At best, Tello's argument is speculative. There is no evidence to support the idea that someone other than Tello downloaded the child pornography onto the drive. Rather, common sense strongly suggests that the same person who placed personal photographs and bills on the drive also downloaded the child pornography.

More importantly, there were two findings of probable cause prior to Tello's purported arrest. First, investigators obtained a search warrant to conduct a full analysis of the drive. Second, and more importantly, investigators obtained a search warrant for Tello's home. The second search warrant thus constituted a finding (by a neutral magistrate) that there was probable cause to believe that Tello possessed child pornography.

And those findings of probable cause were well-supported. Before searching Tello's residence (much less arresting him), investigators had found child pornography on a USB drive (which was electronically named "Jose USB") recovered from Tello's place of work, containing both pictures of Tello and his personal documents. Given that information, a "'prudent man'" would believe that the Tello had committed an offense. *Peet*, 502 F.3d at 563–64 (quoting *Beck*, 379 U.S. at 91). Tello's motion to suppress will be denied.

## III.

Accordingly, it is **ORDERED** that Defendant Tello's motion to suppress, ECF No. 14, is **DENIED.**

Dated: October 4, 2017                    s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 4, 2017.

                              s/Kelly Winslow
                              KELLY WINSLOW, Case Manager